IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD L. GRAY, *et al.*, )
)
    Plaintiffs )
)
v. ) Case No. CIV-09-662-D
)
FEED THE CHILDREN, INC., *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court are two motions for dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6): Defendant Larri Sue Jones' Motion to Dismiss Section 1981 Claim [Doc. No. 29]; and the Motion of Defendants Rick England, Leo Fundaro, C. Earnest Wyatt, Dan Mugg and Feed the Children, Inc. [Doc. No. 30] to Dismiss Plaintiffs' Complaint. The latter motion also challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiffs have timely opposed the Motions, which are at issue.

**Subject Matter Jurisdiction**

Subject matter jurisdiction is a threshold question that must be resolved before addressing the merits of a case. *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002). Defendants' Rule 12(b)(1) motion is based on contentions that the Complaint does not state a claim for relief under 42 U.S.C. § 1981 and the Court lacks jurisdiction of any claim under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. because Plaintiffs have failed to exhaust administrative remedies for such a claim. The Court's subject matter jurisdiction does not depend on whether the Complaint adequately states a § 1981 claim, unless "'that claim were so attenuated and unsubstantial as to be absolutely devoid of merit or frivolous.'" *Cardtoons, L.C. v.*

*Major League Baseball Players Ass'n*, 95 F.3d 959, 965 (10th Cir. 1996) (quoting *Baker v. Carr*, 369 U.S. 186, 199 (1962)); *see also Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1236 (10th Cir. 2006) ("A case should be dismissed for want of a substantial federal question only when the federal issue is (1) wholly insubstantial or obviously frivolous, (2) foreclosed by prior cases . . . , or (3) so patently without merit as to require no meaningful consideration."). Because Defendants do not contend Plaintiffs' § 1981 claim is frivolous or otherwise fails to present a substantial federal question, subject matter jurisdiction is not implicated. Further, as to Title VII's jurisdictional prerequisite of administrative exhaustion, Plaintiffs correctly contend they are not presently asserting a Title VII claim; they merely state in the Complaint their intention to pursue such a claim in the future when the administrative process is complete. *See* Compl., ¶ 19. Therefore, the Court finds that Defendants' jurisdictional challenge lacks merit.

## Sufficiency of the Complaint

All defendants challenge the sufficiency of Plaintiffs' Complaint to state a retaliation claim under § 1981. Defendant Larri Sue Jones also challenges whether Plaintiffs allege sufficient facts to hold her liable for any retaliation that occurred. The other individual defendants and Defendant Feed The Children, Inc. ("FTC") also contend that Plaintiffs' defamation claim against them is not supported by sufficient factual allegations.

### A. Standard of Decision

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215,

1236 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

### B. Factual Allegations of the Complaint

Assuming the factual allegations of the Complaint are true as the Court must do in connection with the instant motion, the facts pertinent to Plaintiffs' § 1981 claim may be summarized as follows: During the relevant time period, Plaintiffs were vice presidents of FTC. Plaintiff Richard Gray was in charge of human resources, and Plaintiff Jerald Buchanan was in charge of information technology. Ms. Jones was vice president and legal counsel for FTC's board of directors. In December, 2008, Ms. Jones and some board members were removed from office. Plaintiffs, as part of their job duties, subsequently reviewed email messages and gathered information regarding activities within FTC, and Mr. Buchanan secured the hard-drives and information contained on computers used by certain terminated employees. In late February or early March of 2009, the removed board members were reinstated pursuant to the order of a state district court. In March, 2009, Mr. Gray was called to report to the reinstated board members regarding the reasons for the employees' terminations. Mr. Gray reported "that these employees had engaged in certain acts of misconduct which would jeopardize the tax exempt status of Feed The Children and

would could [sic] generate a racially and sexually hostile work environment through certain emails." *See* Compl. ¶ 13.

In April, 2009, FTC's board reinstated Ms. Jones and other terminated employees. On April 16, 2009, Plaintiffs appeared before the board and stated "that the documents being transmitted involved improper racial and sexual materials as well as demonstrating other forms of misconduct by the employees and certain Board members." *Id*. ¶ 15. On May 6, 2009, FTC's board met and voted to terminate Plaintiffs' employment, knowing that Plaintiffs' actions had been authorized and their reports of misconduct were correct. The members voting in favor of termination were Defendants Rick England, Leo Fundaro, C. Earnest Wyatt, and Dan Mugg. During this meeting, the board was shown some of the evidence that Plaintiffs had gathered, including racially derogatory and offensive materials transmitted over FTC's internet domain. The board members' actions that resulted in Plaintiffs' termination were "taken at the request and instance of" Ms. Jones. *Id*. ¶ 17. Plaintiffs claim they were terminated in retaliation "for opposing racial discrimination or racially derogatory materials capable of creating a racially hostile environment." *Id*. ¶ 21.

Again assuming the truth of Plaintiffs' allegations, the facts pertinent to the defamation claim are as follows: In December, 2008, Mr. Buchanan was instructed to go to, and authorized to enter, FTC property in California to retrieve "IT assets" and "collateral." *Id*. ¶ 8. In late February, 2009, Ms. Jones filed a false police report claiming that her residence (actually owned by FTC) had been broken into and property had been stolen, even though she knew the entry and removal of property had been authorized by FTC's chief executive officer. After Plaintiffs' termination, "all Defendants, acting jointly, have accused Mr. Buchanan of breaking into Ms. Jones' claimed property (actually Feed the Children property) via Mr. Gray's authorization (a false claim) and have circulated the false claim of criminal conduct not only in California but in Oklahoma." *Id*. ¶ 18. Also, the Complaint

4

alleges generally that "[a]ccusations of criminal conduct directed toward the Plaintiffs by [Ms. Jones] were made, perpetuated and circulated with the approval of the individual board members above named and were further circulated on behalf of and in the name of [FTC]." *Id.* ¶ 25.

C.   **Analysis**

1.   **Claim of Retaliation Under § 1981**

The Supreme Court established in *CBOS West, Inc. v. Humphries*, 128 S. Ct. 1951 (2008), that retaliation against an employee for opposing racial discrimination is actionable under § 1981.[1] The court of appeals has stated the elements of a § 1981 retaliation claim as follows:

> "To state a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action."

*Carney v. City and County of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Metzler v. Federal Home Loan Bank*, 464 F.3d 1164, 1171 (10th Cir. 2006) (footnote omitted)).[2] The first element is satisfied by showing that the plaintiff "engaged in protected opposition to discrimination." *Kendrick v. Penske Transp. Serv., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000); *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1103 (10th Cir. 1998). Protected conduct encompasses opposition based on a reasonable, although mistaken, good faith belief that the underlying conduct constituted racial discrimination. *See Crumpacker v. Kansas Dep't of Human Serv.*, 338 F.3d 1163, 1171 (10th Cir. 2003); *see also Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 385 (10th Cir. 1984) ("opposition activity is protected when it is based on a mistaken good faith

---

[1] The Tenth Circuit had previously held that § 1981 encompasses retaliation claims. *See Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1447 (10th Cir. 1988).

[2] These elements are identical under § 1981 and Title VII. *See Carney*, 534 F.3d at 1273; *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997).

5

belief that Title VII has been violated"); *cf. Clark County School Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (complaint of sexual harassment was not protected because "[n]o reasonable person could have believed that the single incident recounted above violated Title VII").

Here, Defendants contend that the factual allegations on which Plaintiffs base their retaliation claim are insufficient to show that Plaintiffs engaged in protected activity. Defendants argue that Plaintiffs' reports of racially offensive emails and materials were not protected opposition to discrimination because no allegation is made that the offensive materials amounted to racial harassment or that Plaintiffs were acting on a reasonable, good faith belief that racial harassment had occurred. In response, Plaintiffs contend § 1981 protects persons who advocate the rights of racial minorities, even if no particular victim is identified, and should protect reports of racially offensive conduct that, although not presently actionable, might lead to actionable harassment if left unchecked. Plaintiffs urge protection for complaints of alleged misconduct if "it is objectively reasonable to believe that the conduct is racially motivated or offensive." *See* Pls.' Resp. Defs.' Mot. [Doc. 31] at 9; Pls.' Resp. Def. Jones' Mot. [Doc. 32] at 8.

Upon consideration of the issues presented, the Court finds that Plaintiffs have alleged sufficient facts, although barely, to state a retaliation claim. In urging an extension of § 1981 to protect the conduct at issue here, Plaintiffs have presented case authorities holding that a complaint about a single incident of harassment may constitute protected activity, if the plaintiff was acting on a reasonable belief that the incident about which he or she complained was an act of harassment. *See Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672 (10th Cir. 2004); *Bishop v. Veloia Water N. Amer.-West, LLC*, Case No. CIV-07-1447-HE (W.D. Okla. Feb. 2, 2008). Research reveals that, to constitute protected opposition to discrimination, a plaintiff must communicate a complaint of unlawful discrimination, and not merely a complaint of distasteful or unfair conduct,

6

"because an employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of [§ 1981]." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).

Upon careful review of the Complaint in this case, the Court finds minimally sufficient allegations from which an inference could be drawn that Plaintiffs' reports to FTC's board constituted complaints that Plaintiffs believed acts of racial harassment had occurred. Mr. Gray first reported that certain employees had engaged in misconduct which "would [or] could generate a racially and sexually hostile work environment through certain emails." *See* Compl. ¶ 13. Both Plaintiffs later reported that the terminated employees and certain board members had transmitted documents involving "improper racial and sexual materials." *Id.*¶ 15. During the same meeting in which the board voted to terminate Plaintiffs, racially derogatory materials that Plaintiffs had gathered while investigating employee misconduct were presented. Read together, the Court finds that the Complaint alleges Plaintiffs made accusations of misconduct by certain employees that constituted complaints the employees had engaged in acts of racial harassment. Such accusations, if found to be objectively reasonable and made in good faith, may constitute protected opposition to racial discrimination, and retaliation based on such opposition may be actionable under § 1981.[3]

For these reasons, the Court finds that the Complaint adequately states a § 1981 retaliation claim.

### 2. Individual Liability Under § 1981

Ms. Jones challenges whether the Complaint adequately alleges her personal involvement in the alleged retaliation – Plaintiffs' termination by FTC's board of directors – such that she may

---

[3] Defendants argue that the circumstances under which the racially offensive emails and materials were found would not support an objectively reasonable belief that they constituted acts of racial harassment. This argument relies on matters outside the Complaint and must be presented for decision pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d).

7

be held personally liable. Ms. Jones acknowledges Plaintiffs' allegation that she requested or initiated their termination. She argues, however, that Plaintiffs do not allege she had any authority over the board's employment decisions or that she was acting in retaliation for Plaintiffs' reports regarding racial materials. In response, Plaintiffs argue that an individual need not have final decision-making authority to be personally liable for an employee's retaliatory termination. Personal involvement sufficient for § 1981 liability may be shown by evidence of a causal connection between an individual's recommendation that an employee be terminated and the termination decision. *See Wulf v. City of Wichita*, 883 F.2d 842, 864 (10th Cir. 1989); *Sayre v. St. Vrain Valley School Dist.*, 785 F.2d 862, 868 (10th Cir. 1986); *see also Allen v. Denver Public School Bd.,* 928 F.2d 978, 983 (10th Cir. 1991), *overruled on other grounds*, *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1228 (10th Cir.2000) (personal liability under section 1981 requires "some affirmative link to causally connect the actor with the discriminatory action") .

As stated above, the Court finds that Plaintiffs' pleading alleges minimally sufficient facts to state a claim that their terminations were motivated by retaliation for reporting alleged acts of racial harassment to FTC's board. The Complaint also alleges that Ms. Jones served as legal counsel to the board and that she requested the actions of the board members who voted to terminate Plaintiffs' employment. These allegations sufficiently state a claim that Ms. Jones personally participated in Plaintiffs' retaliatory termination. Therefore, the Complaint states a claim against Ms. Jones for relief under § 1981.

### 3. Defamation

All Defendants except Ms. Jones challenge the sufficiency of the Complaint to state a defamation claim against them. FTC and the board members contend that Plaintiffs' allegations lack

the degree of specificity required by defamation law because their allegedly defamatory statements are not identified and no publication is alleged. Plaintiffs deny that the law requires them to allege a defamatory statement by each defendant, citing the liberal pleading standard of Fed. R. Civ. P. 8(a). They also argue that the Complaint sufficiently alleges ratification by all defendants of Ms. Jones' accusations of criminal conduct.

Because the defamation claim arises under supplemental federal jurisdiction and is governed by Oklahoma law, the Court must examine the Complaint in light of the substantive law of Oklahoma. *See Weatherhead v. Globe Intern., Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987). "In order to recover for defamation, a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002); *see Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1217 (Okla. Civ. App. 2004). "[I]ntracompany communications do not constitute actionable 'publications.'" *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1552 (10th Cir. 1995) (citing *Magnolia Petroleum Co. v. Davidson*, 148 P.2d 468 (Okla. 1944)); *see Thornton v. Holdenville General Hosp.*, 36 P.3d 456, 460 (Okla. Civ. App. 2001) ("Communication inside a corporation, between its officers, employees, and agents, is never a publication for the purposes of actions for defamation."). Further, "in the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [a defendant] to defend itself." *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989).

The Complaint fails to allege any false, defamatory statement about Plaintiffs by any defendant other than Ms. Jones or any publication of such a statement to a third party.[4] Plaintiffs make no effort to correct this omission in response to Defendants' Motion; they argue only that the Complaint sufficiently alleges that Ms. Jones' accusations against them were ratified by the other defendants. This argument ignores the essential elements of ratification: "the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another, who at the time assumed to act as his agent in doing the act or making the contract without authority to do so." *Amazon Fire Ins. Co. v. Bond*, 165 P. 414, 418 (Okla. 1917). The Court finds that the Complaint alleges insufficient facts to support liability of other defendants for Ms. Jones' alleged defamatory statements under the doctrine of ratification. Accordingly, the Court finds that the Complaint fails to state a defamation claim against FTC and Defendants England, Fundaro, Wyatt, and Mugg.

## Conclusion

For the above reasons, Defendants' arguments for dismissal of Plaintiffs' § 1981 claim of retaliation fall short, but the Complaint states a defamation claim only against Ms. Jones. Under the circumstances, Plaintiffs should receive an opportunity to amend the Complaint to cure the deficiency in their pleading.

IT IS THEREFORE ORDERED that Defendant Larri Sue Jones' Motion to Dismiss Section 1981 Claim [Doc. No. 29] is DENIED and the Motion of Defendants Rick England, Leo Fundaro, C. Earnest Wyatt, Dan Mugg and Feed the Children, Inc. [Doc. No. 30] to Dismiss

---

[4] It is also unclear exactly what false, defamatory statement Ms. Jones made. The Complaint alleges only that she falsely reported a burglary to police and that she made accusations of criminal conduct directed toward Plaintiffs. Presumably, she allegedly made statements to police officers accusing Plaintiffs of committing the burglary.

Plaintiffs' Complaint is GRANTED in part and DENIED in part. The Complaint sufficiently alleges a retaliation claim under 42 U.S.C. § 1981 against all defendants. However, the Complaint fails to state a defamation claim against Defendants England, Fundaro, Wyatt, Mugg or Feed the Children, Inc.

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by February 5, 2010.

IT IS SO ORDERED this  22nd   day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE